Beliveau v. Ford Motor Co.          CV-95-343-SD 07/16/97

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**


Norman Beliveau;
Christine Beliveau

    v.                                  Civil No. 95-343-SD

Ford Motor Company, et al


O R D E R


This products liability action is before the court on plaintiff's motion in limine seeking to exclude evidence of prior criminal convictions of plaintiff Norman Beliveau.  Document 35.[1]

Norman Beliveau was convicted of the federal criminal offenses of possession with intent to distribute cocaine, conspiracy to possess with intent to distribute cocaine, and retaliation against a witness.  He was sentenced on June 3, 1985, for a term of imprisonment[2] from which he was released on parole on October 17, 1988.  Invoking Rules 609 and 403, Fed. R. Evid., Beliveau argues that evidence of his conviction is inadmissible because it lacks probative value, and the prejudicial effect of

---

[1]The court herewith grants the assented-to motion for expedited hearing on the motion in limine (document 34), interpreting same as a request for expedited rulings on the in limine motion.

[2]The convictions followed a trial before Judge Loughlin, who imposed concurrent prison terms of seven years.

such evidence substantially outweighs any value it may have concerning his credibility as a witness.

This contention is grounded on plaintiff's assertion that, as the liability aspects of this case hinge only on the testimony of expert witnesses and not on the testimony of Mr. Beliveau, the evidence does not have any impact on what the plaintiffs perceive to be the "core issue" of the case.  Plaintiffs' Memorandum of Law at 6.

As amended in 1990, Rule 609, Fed. R. Evid.,[3]

> explicitly provides that prior convictions of <u>all</u> witnesses other than a criminal defendant, if punishable by death or imprisonment in excess of one year and not involving dishonesty or false statement . . . shall be admitted subject to Rule 403.  Rule 403 provides that relevant evidence 'may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . .'"

4 WEINSTEIN'S FEDERAL EVIDENCE § 609.04[3][a], at 609-36 (2d ed. 1997).

Contrary to the plaintiff's arguments, there is more to this

---

[3]Rule 609(a) provides in relevant part,

> **(a) General rule.**  For the purpose of attacking the credibility of a witness,
>   (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted . . . .

litigation than the issue of liability.  Norman Beliveau claims that he sustained serious personal injuries and undoubtedly is prepared to and will testify concerning the damage aspects of his claim.  This puts his credibility squarely in issue and, as the criminal convictions are within the general timeliness requirement of Rule 609(b),[4] and as the court finds that admissibility of such convictions is not "substantially outweighed by the danger of unfair prejudice," Rule 403, supra, the motion in limine must be and it is accordingly herewith denied.

Of course, the use of Mr. Beliveau's convictions for impeachment will be limited to the nature thereof, without any interrogation concerning the underlying details, and the court will give a limiting instruction to the effect that such evidence is admitted only on the issue of Mr. Beliveau's credibility.

---

[4]Rule 609(b), Fed. R. Evid., provides,

> **Time limit.**  Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. . . .

See, e.g., United States v. Tracy, 36 F.3d 187, 194 (1st Cir. 1994).

**SO ORDERED.**

_____
Shane Devine, Senior Judge
United States District Court

July 16, 1997

cc:   Paul W. Hodes, Esq.
      James M. Campbell, Esq.
      Blake M. Sutton, Esq.